UNITED STATES BANKRUPTCY COURT
Middle District of Georgia

11-70150

DEBTOR **Ronald Castleberry**
**Tammy Castleberry**
SS# **xxx-xx-4414**
SS# **xxx-xx-3373**

\* Chapter 13
\* Case No.

# CHAPTER 13 PLAN

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee and the debtor(s) (or the debtor's(s') employer) shall pay to the trustee the sum of **$ 770.00 Monthly for 60 months**.

2. From the payments so received, the trustee shall make disbursements as follows:

(a) The trustee percentage fee as set by the United States Trustee.

(b) Attorney fees ordered pursuant to 11 U.S.C. §507(a)(2) of **$2,500.00** to be paid as follows:

|  | MONTHLY PAYMENT AMOUNT |
|---|---|
| **David E. Mullis 529155** | **Per Administrative Order** |

(c) The monthly payments will be made on the following long-term debts: (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT UNDER PLAN | MONTHLY PAYMENT AMOUNT |
|---|---|---|
| **-NONE-** | | |

(d) Preconfirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
|---|---|
| **Santander Consumer USA** | **$25.00** |
| **Chrysler Financial** | **$25.00** |

(e) After confirmation of the plan, the secured creditors with allowed claims will be paid as follows:

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|---|
| **Santander Consumer USA** | **12,513.00** | **9,500.00** | **5%** | **2003 Dodge Ram** | **$215.00** |
| **Chrysler Financial** | **21,225.00** | **17,500.00** | **5%** | **2007 Chrysler Aspen** | **$392.00** |

(f) After the above are paid, distributions will be made to cure arrearages and other secured debts whose claims are duly proven and allowed as follows:

| NAME OF CREDITOR | ESTIMATED AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL |
|---|---|---|---|---|
| **-NONE-** | | | | |

(g) The following collateral is surrendered to the creditor:                                                                                                                                 11-70150

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|
| -NONE- | |

(h) The following domestic support obligations will be paid over the life of the plan as follows: (These payments will / ~~will not~~ be made simultaneously with payment of the secured debt and ~~will~~ / will not include interest at the rate of ____%. Interest can only be included if the plan is proposing to pay all claims in full.)

| NAME OF CREDITOR | PAYMENT AMOUNT |
|---|---|
| -NONE- | |

(i) The following unsecured claims are classified to be paid at 100%. These payments ~~will~~ / will not be made simultaneously with payment of the secured debt:

  **-NONE-**

(j) All other 11 U.S.C. § 507 priority claims, unless already listed under 2(g), will be paid in full over the life of the plan as funds become available in the order specified by law.

(k) The debtor(s) will be the disbursing agent on the following debts:

  **BAC Home Loans (residence); Citizens Community Bank to be paid by cosigner**

(l) Special provisions:

1. Unless otherwise provided herein property of the estate shall remain vested in the Trustee and shall not re-vest in the debtor upon confirmation.
2. Within thirty (30) days of completion of payments of the secured debt to **Santander and Chrysler Financial** they shall surrender the title to the vehicle to the debtor with their lien satisfied.
3. Debtor requests **direct payments** to the Chapter 13 Trustee.
4. The holder of a type of claim governed by Code section 1322(b)(5) or (b)(7) shall serve the Trustee, the debtor, and the debtor's counsel with a statement of any increase or decrease of periodic payments prior to the effective date of the adjustment of the payment amounts.
5. Upon discharge, all non-purchase money, non-possessory liens and/or judicial/statutory/consensual liens in any and all property of the bankruptcy estate will be avoided pursuant to 11 USC §522(f), and upon notice of discharge, the creditors shall cancel said lien(s) of record within fifteen (15) days of such notice. This provision shall apply to all creditors, including, but not limited to the following: **None.**

(m) General unsecured creditors whose claims are duly proven and allowed will be paid:
  (1) **$123.00.00** will be assigned to costs and unclassified unsecured creditors.
  (2) the debtor(s) will make the payments for **60** months and anticipates a dividend of **0%**.

| Date | **January 28, 2011** | Signature | /s/ **Ronald Castleberry** |
|---|---|---|---|
| | | | **Ronald Castleberry** |
| | | | Debtor |

| Date | **January 28, 2011** | Signature | /s/ **Tammy Castleberry** |
|---|---|---|---|
| | | | **Tammy Castleberry** |
| | | | Joint Debtor |